## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **JAIME CASE, JENNIFER REYES, TEODORA PARDUE  and VERA IVANITSKAYA,** : : : : : : : : : : : : : | **Civil Action Number:** |
| **Plaintiffs,** | |
| **vs.** | **Jury Trial Demanded** |
| **JAMES D. ANDERSON, JR., DDS, PC, and JAMES D. ANDERSON, JR.,** | |
| **Defendants.** | |

## COMPLAINT

Plaintiffs Jaime Case ("Case"), Jennifer Reyes  ("Reyes"), Teodora Pardue ("Pardue"), and Vera Ivanitskaya ("Ivanitskaya"),  by and through the undersigned counsel, bring this Complaint against Defendants James D. Anderson, JR.,  DDS, PC ("Anderson PC") and James D. Anderson, Jr. (" Anderson") and plead as follows:

## INTRODUCTION

### 1.

Plaintiffs bring this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 *et seq*.) hereinafter "the FLSA"  (1) to recover the overtime pay that was denied them; (2) to recover an additional amount as

- 1 -

liquidated damages;  and (3) to recover their costs of litigation, including their reasonable attorneys' fees.

2.

Plaintiff Case also brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.) hereinafter "the FLSA" (1) to recover the minimum wage that was denied her; (2) to recover an additional amount as liquidated damages;  and (3) to recover her costs of litigation, including their reasonable attorneys' fees.

3.

In addition to their federal causes of action, Case and Reyes assert pendent state law claims which arise out of the same set of operating facts as their federal claims.  These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

**JURISDICTION AND VENUE**

4.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b),

28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

5.

This Court has supplemental jurisdiction over Plaintiffs' state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

6.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Anderson PC and Anderson are located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

7.

Anderson PC employed Plaintiffs in furtherance of its commercial business in Dunwoody, Georgia during 2009, 2010, 2011 and 2012.

8.

Anderson employed Plaintiffs in furtherance of Defendants' commercial business in Dunwoody, Georgia during 2009, 2010, 2011 and 2012.

9.

Anderson PC is a corporation organized under the laws of the State of Georgia.

10.

At all times material hereto, Anderson PC has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

At all times material hereto, Anderson PC has been an "enterprise engaged in commerce" as defined in FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

At all times material hereto, Anderson PC had two or more employees "engaged in commerce" as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

13.

At all times material hereto, Anderson PC had two or more "employees handling, selling or otherwise working on goods that have been moved in or produced for commerce by any person" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

At all times material hereto, Anderson PC had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of retail taxes at the retail level that are separately stated) within the meaning of 23 U.S.C. § 203(s)(1)(A).

15.

Anderson PC is subject to the personal jurisdiction of this Court.

16.

Anderson PC may be served with process through its registered agent Thomas E. Jones, Jr. at 191 Peachtree Street, NE, 34th Floor, Atlanta, Georgia 30303.

17.

Anderson resides within Fulton County, Georgia.

18.

At all times material hereto, Anderson exercised operational control over the work activities of Plaintiffs.

19.

At all times material hereto, Anderson was involved in the day to day operation of the Anderson PC in which Plaintiffs worked.

20.

At all times material hereto, Anderson PC vested Anderson with supervisory authority over Plaintiffs.

21.

At all times material hereto, Anderson exercised supervisory authority over Plaintiffs.

22.

At all times material hereto, Anderson scheduled Plaintiffs' working hours or supervised the scheduling of Plaintiffs' working hours.

23.

At all times material hereto, Anderson exercised authority and supervision over Plaintiffs' compensation.

24.

At all times material hereto, Anderson has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

25.

Anderson is subject to the personal jurisdiction of this Court.

26.

At all times material to this action, Plaintiffs were not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. §  213.

27.

Anderson PC paid Case on an hourly basis by in the three years prior to the filing of this action.

28.

Anderson PC did not pay Case on a salary basis in the three years prior to the filing of this action.

29.

Anderson PC paid Reyes on an hourly basis in the three years prior to the filing of this action.

30.

Anderson PC did not pay Reyes on a salary basis in the three years prior to the filing of this action.

31.

Anderson PC paid Pardue on an hourly basis in the three years prior to the filing of this lawsuit.

32.

Anderson PC did not pay Pardue on a salary basis in the three years prior to the filing of this lawsuit.

33.

Anderson PC paid Ivanitskaya on an hourly basis in the three years prior to the filing of this lawsuit.

34.

Anderson PC did not pay Ivanitskaya on an hourly basis in the three years prior to the filing of this lawsuit.

35.

At all times material hereto, Defendants did not employ Plaintiffs in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

36.

At all times material hereto, Defendants did not employ Plaintiffs in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

37.

At all times material hereto, Defendants did not employ Plaintiffs in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

### *Claims of Jaime Case*

38.

Defendants employed Case as a Registered Dental Assistant in Dunwoody, Georgia from October 2008 until March 8, 2012.

39.

From on or about October 2008 until May 8, 2012, Case was an "employee" of Defendants as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

40.

From on or about May 2009 until May 8, 2012, Case was "engaged in commerce" as defined in FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

41.

From on or about May 2009 until May 8, 2012, Case was "engaged in commerce" as an employee of Defendants as defined in FLSA § 6(a), 29 U.S.C. § 206 (a) and FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

## COUNT I

## FAILURE TO PAY MINIMUM WAGE TO CASE

### 42.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

### 43.

At all times material hereto, Case has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

### 44.

At all times material hereto, Case was not exempt from the minimum wage requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

### 45.

At all times material hereto, Defendants offered Plaintiffs complimentary surgical procedures as an employment benefit in addition to Plaintiffs' wages.

46.

On or about November 2010, Anderson performed surgery (hereafter "the surgery") on Case.

47.

The surgery was among the procedures Defendants provided free to employees as an employment benefit.

48.

On May 8, 2012, Case resigned from Defendants' employ.

49.

On May 11, 2012, Defendants deducted a portion of the cost of the surgery from Case's paycheck.

50.

As a result of this deduction, Case's paycheck yielded a net pay of $0.00.

51.

This deduction was not one of the deductions permitted by the FLSA.

52.

On May 11, 2012, Defendants presented Case with an invoice for the cost of surgery.

53.

From on or about April 23, 2012 through May 8, 2012, Defendants failed to compensate Case at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

54.

From on or about April 23, 2012 through May 8, 2012, Defendants willfully failed to compensate Case at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

55.

Defendants are liable to Case for unpaid minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

56.

Defendants are liable to Case for liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

57.

Defendants are liable to Case for her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II

## FAILURE TO PAY OVERTIME TO CASE

58.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

59.

At all times material hereto, Case has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

60.

At all times material hereto, Case regularly worked at Defendants' direction and for Defendants' benefit in excess of forty (40) hours per week.

61.

At all times material hereto, Defendants failed to pay Case at one and one half times her regular rate for work performed at Defendants' direction and for Defendants' benefit in excess of forty (40) hours in any week.

62.

At all times material hereto, Defendants willfully failed to pay Case at one and one half times her regular rate for work performed at Defendants' direction and for Defendants' benefit in excess of forty (40) hours in any week.

63.

Defendants are liable to Case for the payment of overtime at one and one half times her regular rate in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

64.

Defendants are liable to Case for liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

65.

Defendants are liable to Case for her costs of litigation, including her reasonable attorneys' fees, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

## COUNT III

## BREACH OF CONTRACT AS TO ANDERSON PC

66.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

67.

Case and Anderson PC were parties to a contract of employment (hereafter "the Case/Anderson PC Contract") from on or about May 2009 through May 8, 2012.

68.

The Case/Anderson PC Contract provided that Case would perform work for Anderson PC.

69.

In May 2012, the Case/Anderson PC Contract provided that in consideration of the work that Case performed for Anderson PC, Anderson PC would pay Case at an hourly rate of $18.00 per hour.

70.

In May 2012, the Case/Anderson PC Contract provided that in consideration of the work that Case performed for Anderson PC, Anderson PC would provide an employment benefit consisting of certain free surgical procedures.

71.

In accordance with the Case/Anderson PC contract, Case performed work for Anderson PC during the week of April 23, 2012 through May 8, 2012.

72.

Anderson PC failed to pay Case for work she performed during the week of April 23, 2012 through May 8, 2012.

73.

Anderson PC's failure to pay Case for work performed during the week of April 23, 2012 through May 8, 2012 constitutes a material breach of the Case/Anderson PC Contract.

74.

Anderson PC's deduction of a portion of the cost of the surgery from Case's paycheck constitutes a material breach of the Case/Anderson Contract.

75.

Anderson PC's presentation to Case of an invoice for the cost of the surgery constitutes a material breach of the Case/Anderson PC Contract.

76.

As the direct and foreseeable result of these breaches, Case has sustained and continues to sustain damages in an amount to be proved at trial.

77.

Anderson PC has acted in bad faith, been stubbornly litigious and has subjected Case to unnecessary trouble and expense in a manner so as to justify an award of attorneys' fees pursuant to O.C.G.A. § 13-6-11.

## COUNT IV

## QUANTUM MERUIT AS TO ANDERSON PC

### 78.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

### 79.

From on or about May 2009 through May 8, 2012, Case served as a Registered Dental Assistant for Anderson PC.

### 80.

Case's service as a Registered Dental Assistant for Anderson PC as described above was valuable to Anderson PC.

### 81.

Anderson PC requested Case's service as a Registered Dental Assistant.

### 82.

Anderson PC knowingly accepted Case's service as a Registered Dental Assistant.

83.

Anderson PC's receipt of Case's services as a Registered Dental Assistant for it without compensation would be unjust.

84.

Case expected to be compensated at the time she provided her services as a Registered Dental Assistant to Anderson PC.

85.

Anderson PC is liable to Case for the reasonable value of the services she provided it as a Registered Dental Assistant in an amount to be determined at trial.

## COUNT V

## PROMISSORY ESTOPPEL AS TO ANDERSON PC

86.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

87.

Anderson PC promised to pay Case in return for Case's service as a Registered Dental Assistant.

88.

Anderson PC promised to provide Case complimentary surgical procedures in return for Case's service as a Registered Dental Assistant.

89.

Anderson PC should have reasonably its promise to Case would induce action in reliance of said promise, i.e., her service as a Registered Dental Assistant for Anderson PC.

90.

Anderson PC' promise induced Case to act in reliance thereof to her detriment, i.e., to serve as a Registered Dental Assistant for Anderson PC.

91.

Case's service as a Registered Dental Assistant conferred a benefit on Anderson PC.

92.

Case relied on Anderson PC's promise.

93.

Case's reliance on Anderson PC's promise was reasonable.

94.

Anderson PC failed to pay Case in accordance with its promise.

95.

Anderson PC failed to provide Case complimentary surgical procedures in accordance with its promise.

96.

Injustice can only be avoided by enforcement of Anderson PC's promise.

97.

Anderson PC is liable to Case for the reasonable value of the services she provided as a Registered Dental Assistant for it, in an amount to be determined at trial.

98.

Anderson PC is liable to Case for the reasonable value of the surgery in an amount to be determined at trial.

99.

Anderson PC has acted in bad faith, been stubbornly litigious and has subjected Case to unnecessary trouble and expense in a manner so as to justify an award of attorneys' fees pursuant to O.C.G.A. § 13-6-11.

### *Claims of Jennifer Reyes*

100.

Anderson PC employed Reyes as an Office worker and Certified Medical Administrative Assistant in Dunwoody, Georgia from February 2011 until April 1, 2012.

101.

From on or about February 2011 until April 1, 2012, Reyes was an "employee" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

102.

From on or about February 2011 until April 1, 2012, Reyes has been "engaged in commerce" as defined in FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

103.

From on or about February 2011 until April 1, 2012, Reyes was "engaged in commerce" as an employee of Defendants as defined in FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

104.

From on or about February 2011 until April 1, 2012, Reyes was engaged in the "production of goods for commerce" as an employee of Defendants as defined in FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

## COUNT VI

## FAILURE TO PAY OVERTIME TO REYES

105.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

106.

At all times material hereto, Reyes has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

107.

At all times material hereto, Reyes regularly worked at Defendants' direction and for Defendants' benefit in excess of forty (40) hours per week.

108.

At all times material hereto, Defendants failed to pay Reyes at one and one half times her regular rate for work performed at Defendants' direction and for Defendants' benefit in excess of forty (40) hours in any week.

109.

At all times material hereto, Defendants willfully failed to pay Reyes at one and one half times her regular rate for work performed at Defendants' direction and for Defendants' benefit in excess of forty (40) hours in any week.

110.

Defendants are liable to Reyes for the payment of overtime at one and one half times her regular rate in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

111.

Defendants are liable to Reyes for liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

112.

Defendants are liable to Reyes for her costs of litigation, including her reasonable attorneys' fees, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

## COUNT VII

## BREACH OF CONTRACT AS TO ANDERSON PC

113.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

114.

Reyes and Anderson PC were parties to a contract of employment (hereafter "the Reyes/Anderson Contract") from on or about February 2011 through April 1, 2012.

115.

The Reyes/Anderson PC Contract provided that Reyes would perform work for Anderson PC.

116.

In May 2012, the Reyes /Anderson PC Contract provided that in consideration of the work that Reyes performed for Anderson PC, Anderson PC would pay Reyes at an hourly rate of $18.00 per hour.

117.

In accordance with the Reyes/Anderson PC contract, Reyes performed work for Anderson PC during the week of April 23, 2012 through May 8, 2012.

118.

Anderson PC failed to pay Reyes for work she performed during the week of April 23, 2012 through May 8, 2012.

119.

Anderson PC's failure to pay Reyes for work performed during the week of April 23, 2012 through May 8, 2012 constitutes a material breach of the Reyes /Anderson PC Contract.

120.

As the direct and foreseeable result of this breach, Reyes has sustained and continues to sustain damages in an amount to be proved at trial.

121.

Anderson PC has acted in bad faith, been stubbornly litigious and has subjected Reyes to unnecessary trouble and expense in a manner so as to justify an award of attorneys' fees pursuant to O.C.G.A. § 13-6-11.

## COUNT VIII

## QUANTUM MERUIT AS TO ANDERSON PC

122.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

123.

From on or about February 2011 through April 1, 2012, Reyes served as an Office worker and Certified Medical Administrative Assistant for Anderson PC.

124.

Reyes' service as an Office worker and Certified Medical Administrative Assistant for Anderson PC as described above was valuable to it.

125.

Anderson PC requested Reyes' service as an Office worker and Certified Medical Administrative Assistant.

- 28 -

126.

Anderson PC knowingly accepted Reyes' service as an Office worker and Certified Medical Administrative Assistant.

127.

Anderson PC's receipt of Reyes' services as an Office worker and Certified Medical Administrative Assistant for it without compensation would be unjust.

128.

Reyes expected to be compensated at the time she provided her services as an Office worker and Certified Medical Administrative Assistant.

129.

Anderson PC is liable to Reyes for the reasonable value of the services she provided as an Office worker and Certified Medical Administrative Assistant for it, in an amount to be determined at trial.

## COUNT IX

## PROMISSORY ESTOPPEL AS TO ANDERSON PC

130.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

131.

In February 2011, Anderson PC promised to pay Reyes in return for Reyes' service as an Office worker and Certified Medical Administrative Assistant for it.

132.

Anderson PC should have reasonably expected that its promise would induce Reyes' action in reliance thereon, i.e., Reyes' service as an Office worker and Certified Medical Administrative Assistant for it.

133.

Reyes relied on Anderson PC's promise.

134.

Reyes' reliance on Anderson PC's promise was reasonable

135.

Anderson PC's promise induced Reyes to act in reliance thereof to her detriment, i.e., to serve as an Office worker and Certified Medical Administrative Assistant.

136.

Reyes' service as an Office worker and Certified Medical Administrative Assistant for Anderson PC conferred a benefit on it.

137.

Anderson PC failed to pay Reyes in accordance with its promise.

138.

Injustice can only be avoided by enforcement of Anderson PC's promise.

139.

Anderson PC is liable to Reyes for the reasonable value of the services she provided as an Office worker and Certified Medical Administrative Assistant for it, in an amount to be determined at trial.

### *Claims of Teodora Pardue*

140.

Anderson PC employed Pardue as an Office Assistant in Dunwoody, Georgia from 2003 until October 2011.

141.

From on or about May 2009 until October 2011, Pardue was an "employee" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

142.

From on or about May 2009 until October 2011, Pardue has been "engaged in commerce" as defined in FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

143.

From on or about May 2009 until October 2011, Pardue has been "engaged in commerce" as an employee of Anderson PC as defined in FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

## COUNT X

## FAILURE TO PAY OVERTIME TO PARDUE

144.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

145.

At all times material hereto, Pardue has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

146.

At all times material hereto, Pardue regularly worked at Defendants' direction and for Defendants' benefit in excess of forty (40) hours per week.

147.

At all times material hereto, Defendants failed to pay Pardue at one and one half times her regular rate for work performed at Defendants' direction and for Defendants' benefit in excess of forty (40) hours in any week.

148.

At all times material hereto, Defendants willfully failed to pay Pardue at one and one half times her regular rate for work performed at Defendants' direction and for Defendants' benefit in excess of forty (40) hours in any week.

149.

Defendants are liable to Pardue for the payment of overtime at one and one half times her regular rate in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

150.

Defendants are liable to Pardue for liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

151.

Defendants are liable to Pardue for her costs of litigation, including her reasonable attorneys' fees, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

### *Claims of Vera Ivanitskaya*

152.

Anderson PC employed Ivanitskaya as an Office Assistant in Atlanta, Georgia from June 2007 until December 2011.

153.

From on or about May 2009 until December 2011, Ivanitskaya was an "employee" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

154.

From on or about May 2009 until December 2011, Ivanitskaya has been "engaged in commerce" as defined in FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

155.

From on or about May 2009 until December 2011, Ivanitskaya was "engaged in commerce" as an employee of Anderson PC as defined in FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

## COUNT XI

## FAILURE TO PAY OVERTIME TO IVANITSKAYA

156.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

157.

At all times material hereto, Ivanitskaya has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

158.

At all times material hereto, Ivanitskaya regularly worked at Defendants' direction and for Defendants' benefit in excess of forty (40) hours per week.

159.

At all times material hereto, Defendants failed to pay Ivanitskaya at one and one half times her regular rate for work performed at Defendants' direction and for Defendants' benefit in excess of forty (40) hours in any week.

160.

At all times material hereto, Defendants willfully failed to pay Ivanitskaya at one and one half times her regular rate for work performed at Defendants' direction and for Defendants' benefit in excess of forty (40) hours in any week.

161.

Defendants are liable to Ivanitskaya for the payment of overtime at one and one half times her regular rate in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

162.

Defendants are liable to Ivanitskaya for liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

163.

Defendants are liable to Ivanitskaya for her costs of litigation, including her reasonable attorneys' fees, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully pray:

1. That Plaintiffs' claims be tried before a jury;

2. That Plaintiff Case be awarded an amount to be determined at trial against Defendants in unpaid minimum wage due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiffs be awarded amounts to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus additional like amounts in liquidated damages;

4. That Plaintiffs Jaime Case and Jennifer Reyes have and recover judgment against Anderson PC for the pendent state claims herein asserted in amounts to be proved at trial;

5. That Plaintiffs be awarded their costs of litigation, including their reasonable attorneys' fees from Defendants pursuant to FLSA and O.C.G.A. 13-6-11;

6. For such other and further relief as the Court deems just and proper.

Respectfully submitted,


DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

/s/CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
3100 CENTENNIAL TOWER         GA. BAR NO. 080791
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171                /s/ KEVIN D. FITZPATRICK, JR.
(404) 979-3170 (f)            KEVIN D. FITZPATRICK, JR.
kevin.fitzpatrick@dcbflegal.com    GA. BAR NO. 262375
charlesbridgers@dcbflegal.com

COUNSEL FOR PLAINTIFFS