## SETTLEMENT AGREEMENT
## AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Release of All Claims (hereinafter, "the Agreement or the Settlement Agreement") is made and entered into by and between **JAMES D. ANDERSON, JR., DDS. PC,** and **JAMES D. ANDERSON, JR.,** for themselves and their heirs, successors and assignees (hereinafter jointly referred to as "**DEFENDANTS**"), and **JAIME CASE** (hereinafter referred to as "**CASE**"), **JENNIFER REYES,** (hereinafter referred to as "**REYES**"), **TEODORA PARDUE** (hereinafter referred to as "**PARDUE**') and **VERA IVANITSKAYA** (hereinafter referred to as "**IVANITSKAYA**") (CASE, REYES, PARDUE and **IVANITSKAYA** hereinafter collectively referred to as "**PLAINTIFFS**") for themselves and their heirs, successors and assignees.

### WITNESSETH:

**WHEREAS, PLAINTIFFS** were employed by **DEFENDANTS,** and

**WHEREAS,** on May 25, 2012, **PLAINTIFFS** instituted a civil action in the United States District Court for the Northern District of Georgia, Atlanta Division, styled <u>Jaime Case, et al v. James D. Anderson, Jr. DDS, PC, et al</u>, which was assigned Civil Action No. 1:12-cv-01834-TCB (hereinafter "the Civil Action"); and

**WHEREAS, PLAINTIFFS** assert claims in the Civil Action for failure to pay overtime under the Fair Labor Standards Act and seeks damages for back pay, liquidated damages, attorney's fees, and costs; and

**WHEREAS, CASE** asserts an additional claim in the Civil Action for failure to pay minimum wage under the Fair Labor Standards Act and seeks damages for back pay, liquidated damages, attorney's fees, and costs; and

1

**WHEREAS, CASE** and **REYES** assert additional pendent state claims for breach of contract, quantum meruit and promissory estoppel; and

**WHEREAS, DEFENDANTS** have denied and continue to deny any liability to **PLAINTIFFS** on the basis of any claim, asserted or unasserted, in the Civil Action; and

**WHEREAS, DEFENDANTS** assert that there is no factual or legal basis for the allegations in the Civil Action; and

**WHEREAS**, the Agreement constitutes a good faith settlement of questionable and disputed claims; and

**WHEREAS**, the Agreement shall not be deemed in any manner an admission, finding or indication for any purposes whatsoever that **DEFENDANTS** or any of their officials, officers, employees and/or other agents acted contrary to the law or violated the rights of **CASE, REYES, PARDUE, IVANITSKAYA** or any other person at any time; and

**NOW, THEREFORE,** in exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, **DEFENDANTS** and **PLAINTIFFS** agree as follows:

## CONSIDERATION

1.

**DEFENDANTS** will cause to be paid jointly to **PLAINTIFFS** and their attorneys the total sum of Forty Eight Thousand Two Hundred Thirty Nine Dollars and Eighty One Cents ($48,239.81) within ten (10) business days after approval of this Settlement Agreement by the Court. The foregoing sum is inclusive of all backpay, liquidated damages, pendent state claim damages, attorneys' fees and legal costs and expenses, and is in full accord, satisfaction, and final compromise settlement of all disputed claims between the parties for monetary, legal and equitable relief, interest, attorneys' fees, and legal costs and expenses, including but not limited to

those claims set forth and/or which could have been set forth in the Civil Action. **DEFENDANTS** agree that the attorneys' fees and costs allocated herein are reasonable and customary as to the rate charged, the work done and the time billed for that work. Except as expressly provided for in this Paragraph, the parties shall bear their own costs with respect to the Civil Action, including attorneys' fees and costs and all out-of-pocket expenses. Payment shall be made as follows:

(1) A check in the amount of Six Thousand Six Hundred Forty Six Dollars and Seventy Five Cents ($6,646.75) less appropriate deduction for tax purposes, made payable to "Jaime Case," which amount is allocated as backpay and for which a W-2 will be issued;

(2) A check in the amount of Five Thousand One Hundred Forty Six Dollars and Seventy Five Cents ($5,146.75) made payable to "Jaime Case," which amount is allocated as liquidated damages and for which a 1099 form will be issued;

(3) A check in the amount of One Thousand Five Hundred Fifty Four Dollars and Eighty Six Cents ($1,554.86) less appropriate deduction for tax purposes, made payable to "Jennifer Reyes," which amount is allocated as backpay and for which a W-2 will be issued;

(4) A check in the amount of One Thousand Five Hundred Fifty Four Dollars and Eighty Six Cents ($1,554.86) made payable to "Jennifer Reyes," which amount is allocated as liquidated damages and for which a 1099 form will be issued;

(5) A check in the amount of Two Thousand Four Hundred Ninety Three Dollars and Fifteen Cents ($2,493.15) less appropriate deduction for tax purposes, made payable to "Teodora Pardue," which amount is allocated as backpay and for which a W-2 will be issued;

(6) A check in the amount of Two Thousand Four Hundred Ninety Three Dollars and Fifteen Cents ($2,493.15) made payable to "Teodora Pardue," which amount is allocated as liquidated damages and for which a 1099 form will be issued;

(7) A check in the amount of Three Thousand One Hundred Seventy Five Dollars and Fifteen Cents ($3,175.15) less appropriate deduction for tax purposes, made payable to "Vera Ivantiskaya," which amount is allocated as backpay and for which a W-2 will be issued;

(8) A check in the amount of Three Thousand One Hundred Seventy Five Dollars and Fifteen Cents ($3,175.15) made payable to "Vera Ivanitskaya," which amount is allocated as liquidated damages and for which a 1099 form will be issued;

(9) a check in the amount of Twenty-Two Thousand Dollars and No Cents ($22,000.00) made payable to "Kevin D. Fitzpatrick, Jr.," which amount is allocated as attorneys' fees and expenses of litigation and for which a 1099 form will be issued.

## DISMISSAL OF ACTION

2.

**PLAINTIFFS** agree to dismiss, with prejudice, the Civil Action and agree that they will not, either collectively individually or otherwise, attempt (or authorize an attempt) to re-initiate the claims set forth in the Civil Action, any claims which could have been set forth therein, or any claims which could have arisen therefrom, in any manner, as of the time this Agreement is executed. Upon the Court's approval of this Settlement Agreement and full payment of all sums set forth in Paragraph 1 above, **PLAINTIFFS** will file the Stipulation of Dismissal with Prejudice attached hereto as Exhibit "A" within ten (10) business days after payment.

## WAIVER AND RELEASE OF ALL CLAIMS

3.

**CASE, REYES, PARDUE** and **IVANITSKAYA**, for themselves, their attorneys, agents, assigns, heirs, executors, administrators and successors, hereby fully, finally and forever release and discharge **DEFENDANTS** and all of their present or former attorneys, officers, offi-

4

cials, employees, assigns, principals and/or agents, including specifically James D. Anderson, Jr., D.D.S., from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses and attorneys' fees of any kind and every character whatsoever, whether known or unknown, which any of them have or may have against **DEFENDANTS** growing out of or arising from or pertaining to (a) any transaction, dealing, conduct, act or omission by and between **PLAINTIFFS** and **DEFENDANTS** or (b) any other matters or things occurring or existing at any time prior to the execution of the Agreement, and/or (c) growing out of, arising from or in any way connected with or related to their employment with **DEFENDANTS**, including but not limited to, the Civil Action, and the matters which were alleged or could have been alleged in the Civil Action.  **CASE, REYES, PARDUE** and **IVANITSKAYA** represents that each of them is unaware of any other claim, demand, action, cause of action or suit for damages, losses, costs, expenses or attorneys' fees, which any of them have or may have against either **DEFENDANTS** at this time, whether or not related to their employment.  **PLAINTIFFS** further agree and acknowledge that **DEFENDANTS** are relying upon this representation in entering into this Agreement.  Furthermore, and without in any way limiting the foregoing, the claims waived and released by **PLAINTIFFS** include any possible or alleged claims under the Americans with Disabilities Act, the Fair Labor Standards Act, the Equal Pay Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the National Labor Relations Act, the False Claims Act, and all amendments to the foregoing, and any and all possible claims under federal laws and/or the laws of the State of Georgia and any other state, any and all possible claims under common law, and any and all claims for back pay, benefits, interest, front pay, lost retirement benefits, compensatory damages, punitive damages, liquidated damages, attorneys' fees, costs, and declaratory relief.  Nothing in

this Agreement is intended to waive or release any claim that may arise after this Agreement is executed.

4.

**PLAINTIFFS** represent and warrant that Charles R. Bridgers and Kevin D. Fitzpatrick, Jr. of Delong Caldwell & Bridgers & Fitzpatrick, LLC are, and have been, the sole attorneys for them with respect to the Civil Action, and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Civil Action; and that the amounts paid by **DEFENDANTS** under the Agreement are intended to include all legal fees, costs, and/or expenses for which **DEFENDANTS** could be liable in connection with the Civil Action.

## WARRANTY

5.

**CASE, REYES, PARDUE** and **IVANITSKAYA** represent and warrant that each of them alone is entitled to assert any claim she may have against **DEFENDANTS** of any kind or character arising out of, or as a consequence of, their employment with **DEFENDANTS** to date, including but not limited to, the matters which were alleged or could have been alleged in the Civil Action. **PLAINTIFFS** further represent and warrant that each of them is fully authorized to enter into this Agreement and that none of them has transferred or assigned any right to any claim or recovery against **DEFENDANTS**. **PLAINTIFFS** agree to indemnify and hold **DEFENDANTS** harmless from any claim by any other person who is determined to have the right or authority to assert any claim on their behalf, either individually and/or collectively, against **DEFENDANTS** or by reason of any such transfer or assignment, as described in this Paragraph, and further agree to indemnify and hold **DEFENDANTS** harmless from any costs, expenses or damages sustained by reason of any such claim. Each Plaintiff agrees to complete

and execute the Medicare Set Aside form that is attached as Exhibit A to this Agreement, and the terms and provisions of the completed form will become a part of this Agreement as if fully copied herein.

## ENTIRE AGREEMENT

6.

**CASE, REYES, PARDUE** and **IVANITSKAYA** represent, warrant and affirm that the only consideration for their agreement to execute, and their execution of the Agreement, are the terms stated herein and that there are no other promises or agreements of any kind that have caused them to execute the Agreement; that each of them fully understand the meaning and intent of the Agreement, including but not limited to its final and binding effect; that each of them has been advised to consult with legal counsel prior to executing the Agreement; that each of them has had a reasonable period of time within which to consider the Agreement; and that each of them has had the benefit of legal counsel before executing the Agreement.

## REMEDIES FOR BREACH

7.

In the event of a breach of any of the terms of the Agreement by **CASE, REYES, PARDUE** and/or **IVANITSKAYA** or **DEFENDANTS,** the prevailing party shall be entitled to all remedies or damages at law, and in addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder.

## CONSTRUCTION

8.

Any modification or change to this Agreement must be made in writing with the consent of all parties.

## NON-DISPARAGEMENT

9.

**CASE, REYES, PARDUE** and **IVANITSKAYA** represent, warrant agree and promise that unless required by law to do so, none of them will make any oral or written statements or reveal any information to any person, company, agency or other entity which disparages or damages **DEFENDANTS'** reputation or business. **DEFENDANTS** agree and promise that unless required by law to do so, they will not make any oral or written statements or reveal any information to any person, company, agency or other entity which disparages or damages **CASE, REYES, PARDUE** or **IVANITSKAYA**.

## JUDICIAL APPROVAL OF SETTLEMENT

10.

The parties agree to submit this Agreement to the Court for judicial review and approval. No portion of the payment described in Paragraph 1 of this Agreement will be disbursed to **PLAINTIFF** until the Court has approved this Agreement. In the event the Court fails to approve this Agreement, this Agreement shall become void and of no further effect.

## OTHER RELIEF, AGREEMENTS AND COVENANTS

11.

**PLAINTIFF** agrees to voluntarily withdraw any and all administrative complaints and/or charges he has filed against **DEFENDANTS** and which are presently pending before any administrative body, to the extent there are any.

12.

This Agreement is made and entered into in the State of Georgia and shall be interpreted under and governed by the laws of the State of Georgia.

13.

Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable.

14.

This Agreement inures to the benefit of **DEFENDANTS** and their successors, assigns, heirs, executors, and administrators, and **PLAINTIFFS** consent and agree that to the extent required by law, this Agreement may be freely assigned to, and enforced by, **DEFENDANTS'** successors and assigns.

15.

IT IS UNDERSTOOD AND AGREED that this Agreement may be executed in counterparts, each of which shall be deemed an original and, together, shall constitute one and the same Agreement.

## JURISDICTION AND VENUE

16.

Any proceeding to interpret or enforce the terms of this Agreement shall take place in a state Court located in Fulton County, Georgia, or in the United States District Court for the Northern District of Georgia, Atlanta Division, and **PLAINTIFFS** and **DEFENDANTS** consent and agree to the jurisdiction of such courts and the venue of such proceedings.

**IN WITNESS WHEREOF,** the undersigned have hereunto set their hand and seal this
\_\_\_15th\_\_\_ day of November 2012.

                                                             _____
                                                             **JAIME CASE**

Sworn to and subscribed
before me this \_14th\_ day
of November 2012.

_____
NOTARY PUBLIC
My Comm'n Expires:
April 25, 2013

                                                             _____
                                                             **JENNIFER REYES**

Sworn to and subscribed
before me this \_14th\_ day
of November 2012.

_____
NOTARY PUBLIC
My Comm'n Expires:
April 25, 2013

                                                             _____
                                                             **TEODORA PARDUE**

Sworn to and subscribed
before me this \_20th\_ day
of November 2012.

_____
NOTARY PUBLIC
My Comm'n Expires:
April 25, 2013

_____
VERA IVANITSKAYA

Sworn to and subscribed
before me this 17 day
of November 2012.

_____
NOTARY PUBLIC
My Comm'n Expires: April 25, 2013

For **JAMES D. ANDERSON, JR., DDS, PC,**

_____

By: _____

Its_____

Sworn to and subscribed
before me this ____ day
of November 2012.

_____
NOTARY PUBLIC
My Comm'n Expires:

_____
**JAMES D. ANDERSON, JR.,**

Sworn to and subscribed
before me this ____ day
of November 2012.
.

_____
NOTARY PUBLIC
My Comm'n Expires:

_____
**VERA IVANITSKAYA**

Sworn to and subscribed
before me this _____ day
of November 2012.

_____
NOTARY PUBLIC
My Comm'n Expires:

For **JAMES D. ANDERSON, JR., DDS, PC,**

By: *James D. Anderson, Jr. MDS*

Its  CEO

Sworn to and subscribed
before me this 21st day
of November 2012.

*Vanessa Baker*
*Notary Public*
*DeKalb County, Georgia*
*My Commission Expires December 1, 2013*

NOTARY PUBLIC
My Comm'n Expires: 12-1-2013

_____
**JAMES D. ANDERSON, JR.,**

Sworn to and subscribed
before me this 21st day
of November 2012.

*Vanessa Baker*
*Notary Public*
*DeKalb County, Georgia*
*My Commission Expires December 1, 2013*

NOTARY PUBLIC
My Comm'n Expires: 12-1-2013